# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HAROLD JUAN THOMAS,

                Petitioner,                    Case Number: 2:11-CV-10653

v.                                            HON. LAWRENCE P. ZATKOFF

KENNETH MCKEE,

                Respondent.

                                                /

## <u>ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE</u>

Petitioner Harold Juan Thomas is a state inmate presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, pursuant to convictions for armed robbery and resisting arrest. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging these convictions. He also has filed a Motion to Stay Proceedings and Hold Petition for Writ of Habeas Corpus in Abeyance because currently he has a motion pending in the trial court challenging his convictions on a claim not previously raised in state court.

### I. Background

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery and resisting arrest. On July 24, 2008, he was sentenced to five to 15 years in prison for the resisting arrest conviction and 15 to 40 years in prison for the armed robbery conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming that the prosecutor abused his discretion by charging defendant in the alternative with both armed robbery and bank robbery. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v.*

*Thomas*, No. (Mich. Ct. App. May 19, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Browning*, 485 Mich. 928 (Oct. 26, 2009).

Petitioner has now filed the pending petition for a writ of habeas corpus. He raises the same claims raised in state court. He simultaneously filed a Motion to File Protective Petition.

## II.  Analysis

Petitioner asks the Court to hold these proceedings in abeyance because he has discovered several additional claims that he would like to raise in this petition, but he must exhaust those claims in state court before raising them in this petition.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). The "stay-and-abeyance" procedure is available provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered and because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending

Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.*  Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.  Conclusion

Accordingly, it is **ORDERED** that Petitioner's "Motion to File Protective Petition" is **GRANTED**.  The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.  If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion

of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2011

                            CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on August 11, 2011.


                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290